THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR21-193-RSM |
| Plaintiff, | |
| v. | SUPPLEMENT IN SUPPORT OF MOTION FOR CONSIDERATION AND MOTION TO BE HEARD |
| SABRINA TAYLOR, | |
| Defendant. | |

Sabrina Taylor, through counsel, submits this Supplement in Support of Motion for Consideration and Motion to Be Heard. Dkt. 56. Through e-mail correspondence with the Court initiated by the government, Ms. Taylor learned that the Court considers the motion (Dkt. 56) to be a motion for reconsideration. Ms. Taylor maintains her motion was not one for reconsideration because the Court failed to hold a hearing on the issue. Instead, she requested a hearing. Dkt. 56 at 3, 9. While Ms. Taylor disagrees with the Court's conclusion that she filed a motion for reconsideration, she submits this supplement to explain how she meets the standard for reconsideration set out by the local rules.

Local Criminal Rule 12(b)(13) provides the standards and procedure for a motion for reconsideration. These types of motions are "disfavored" and the "court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCrR 12(b)(13)(A). As far as procedure, a motion for reconsideration "shall point out with specificity the matters

SUPPLEMENT IN SUPPORT OF MOTION FOR
CONSIDERATION AND MOTION TO BE HEARD
(*U.S. v. Taylor*, CR21-193-RSM) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCrR 12(b)(13)(B).

As indicated in the motion (Dkt. 56), the Court committed manifest error when it did not allow Ms. Taylor to be heard on the issue of detention. Beyond denying her right to be heard, the Court committed manifest error because it used an incorrect legal standard and overlooked or misapprehended the facts. The Court may not consider the risk of self-harm but, instead, may only consider the danger to the safety of any *other person* or the community. Dkt. 56 at 1, 2, 4, 6, 7; 18 U.S.C. § 3143(a)(1).

The facts and legal authority could not have been brought to the Court's attention earlier with reasonable diligence. After she requested to be heard on the remand or self-report issue, the Court said "no" and exited the courtroom. Had the Court granted Ms. Taylor the ability to speak on the issue, Ms. Taylor would have informed the Court of the correct facts, the correct legal authority, and the government's position that it was not seeking detention. Ms. Taylor would have called witnesses, including a psychiatric nurse practitioner. Ms. Taylor could have testified. When Ms. Taylor obtained a copy of the transcript, she immediately filed the motion requesting a hearing. Dkt. 56. Ms. Taylor's motion requesting a hearing pointed out the matters the Court overlooked and misapprehended.

For the above stated reasons, Ms. Taylor requests the Court to set a hearing so she may be heard on the issue of remand or self-surrender.

Dated this 9th day of February 2023.

Respectfully submitted,

s/ *Greg Geist*
Assistant Federal Public Defender
Attorney for Sabrina Taylor

SUPPLEMENT IN SUPPORT OF MOTION FOR CONSIDERATION AND MOTION TO BE HEARD
(*U.S. v. Taylor*, CR21-193-RSM) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100