UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>SABRINA TAYLOR,<br><br>        Defendant. | CASE NO. CR21-193RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

      This matter comes before the Court on Defendant Sabrina Taylor's February 3, 2023, "Motion for Consideration and Motion to be Heard," Dkt. #56. Ms. Taylor argues the Court "applied the incorrect standard when it remanded Ms. Taylor into custody after sentencing her to 27 months." *Id*. at 1. At issue are the following words at the end of her sentencing hearing:

> THE COURT: And, Counsel, while the Court has great difficulty and great skepticism of believing anything that this defendant says, she has indicated in the past several times suicidal ideation and threatened suicide as a way of getting money from her victims. The Court cannot take the risk; therefore, she's remanded into custody today. The U.S. Marshals will take her from the courtroom. Thank you, all, very much.
>
> MR. GEIST: Your Honor, may I be heard on that issue?
>
> THE COURT: No, thank you, Mr. Geist. We'll be at recess.

ORDER DENYING MOTION FOR RECONSIDERATION – 1

Dkt. #55 at 36:31–37:6.  Ms. Taylor's Motion cites that transcript portion and 18 U.S.C. § 3143(a)(1), which states, *inter alia*:

> …the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting… execution of sentence… be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of *any other person* or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Dkt. #56 at 4 (emphasis in Motion).  From this she argues the Court erred in two ways—first, by not allowing her an opportunity to be heard, and second by remanding her into custody for a risk of suicide, despite § 3143(a)(1) only discussing "danger to the safety of *any other person*." Dkt. #56 at 1 (emphasis in original).  Her Motion requests the following relief: "the Court should convene the parties in court to hold a hearing on the issue of detention or self-reporting and set a hearing date so Ms. Taylor is not removed from the Federal Detention Center." *Id*. at 3.  The Motion concludes "[t]he Court failed to provide Ms. Taylor with a hearing on the issue of remand." *Id*. at 9.

This is clearly a motion for reconsideration.  Ms. Taylor points out matters which she believes were overlooked or misapprehended by the Court and seeks to modify the Court's ruling.  Accordingly, it should have been noted for same day consideration and a response from the Government is not required unless ordered by the Court.  *See* LCR 12(b)(8); 12(b)(13)(C).

Motions for reconsideration are disfavored." LCR  12(b)(13). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.  "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being

ORDER DENYING MOTION FOR RECONSIDERATION – 2

brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." *Id.*

The Court has reviewed the Motion and Ms. Taylor's supplemental brief (Dkt. #57) and finds no manifest error in its decision to remand her into custody. First, Ms. Taylor is simply incorrect in saying the Court failed to provide her with a hearing. The issue of remand is inherently part of every sentencing in federal court. In a case such as this, under §3143(a)(1), the Defendant is to be remanded into custody by default unless the Court makes a finding that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. This is always to be discussed at sentencing rather than at a separate hearing. The red flag of suicide was present in the submitted materials and briefly mentioned by a victim at the hearing. *See* Dkt. #55 at 12:3-12. Defense was free to speak up, as countless attorneys have in the past, and argue for release instead of remand. Perhaps counsel assumed the Court would not impose a custodial sentence and the issue was moot, given that he argued for probation in her sentencing memorandum. In any event, defense did not attempt to raise the issue until after the Court had ruled from the bench. Given the above, it cannot be said that Ms. Taylor was denied a hearing or due process.

Even if the Court were to consider everything in the instant Motion it would not come to a different conclusion. In this case, under these facts, Ms. Taylor's history of making threats of self-harm and suicide demonstrates a likelihood to flee or pose a danger to the safety of the community for purposes of § 3143(a)(1). *See, e.g., United States v. Drake*, 2021 U.S. Dist. LEXIS 78878, *7 (D. Id. 2021) (citing *United States v. Cody*, 498 F.3d 582, 591 (6th Cir. 2007) (recognizing it is "logical" to "treat suicide as a form of flight"); *United States v. Workman*, 680 Fed. App'x 699, 702 (10th Cir. 2017) (stating suicide is one way that a defendant can fail to

ORDER DENYING MOTION FOR RECONSIDERATION – 3

appear for court)).  The evidence that Ms. Taylor's mental health seems to be improving under recent care is outweighed by her own significant history of dishonesty and manipulation, including as to her health.  The Court further notes that receiving a multi-year prison sentence, after hoping for probation, could negatively affect the mental state of any defendant with this record.

      Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Reconsideration, Dkt. #56, is DENIED.

      DATED this 10th day of February, 2023.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE