THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR21-193-RSM |
| Plaintiff, | ) | |
| v. | ) | DEFENSE DISPOSITION MEMORANDUM |
| SABRINA TAYLOR, | ) | |
| Defendant. | ) | |

At the supervised release violation hearing, scheduled for March 14, 2025, Sabrina Taylor intends to admit violations 1 (fail to appear for testing), 3 (fail to report), 4 (fail to notify of valid address), and 8 (fail to appear for testing). It is Ms. Taylor's understanding that the government will dismiss violations 2 (marijuana use) and 9 (marijuana use). For collateral reasons, the defense requested the government to dismiss violations 5, 6, and 7 and for the Court to consider the conduct connected to those violations. Instead, the government has chosen to proceed with a hearing to prove up violations 5, 6, and 7. The defense anticipates limited, if any, cross-examination for violations 5, 6, and 7.

At disposition, Ms. Taylor joins Probation and the government in recommending 120 days of location monitoring and up to 120 days at the residential reentry center. Memorandum and Sentencing Recommendation (March 4, 2025); Dkt. 81 at 4.

DEFENSE DISPOSITION MEMORANDUM
(*United States v. Taylor*, CR21-193-RSM) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

## I. SENTENCING IN 2023

The Court originally sentenced Ms. Taylor to 27 months in prison on January 27, 2023, and remanded her into custody on that same date. Dkt. 53 at 2. The conduct leading to the conviction occurred between 2015 and May 2018. Dkt. 33 at 6–8; PSR at ¶¶ 14–18. Prior to the remand, Ms. Taylor had been living in the community and abiding by the conditions of an appearance bond since the initial appearance on November 15, 2021. Dkts. 6, 8. Ms. Taylor pleaded guilty on July 1, 2022. Dkt. 33. On October 25, 2022, the Court modified Ms. Taylor's bond to allow contact with victims to engage in restorative justice. Dkt. 37.

Prior to getting remanded into custody, Ms. Taylor had found stability in the community. She had an apartment, sustained periods of employment, engagement with counseling and therapy, and appropriate medication during the pretrial release period. PSR at ¶¶ 61, 73, 89–90. During the commission of the underlying offenses, which occurred years before the initiation of the federal criminal case, Ms. Taylor lacked the stability that she had during pretrial release.

Together with the relative stability, the defense indicated that "any custodial sentenced imposed on [Ms. Taylor] places her at an unacceptable risk of being a victim of crime perpetrated and unaddressed by the very institution responsible for her safety." Dkt. 48 at 1–2. The "Bureau of Prisons (BOP) has a prolonged and systemic problem with protecting female prisoners from sexual abuse by BOP employees." *Id*. at 2. The defense offered punishment through the form of home detention instead of incarceration in the BOP. Such a sentence would have provided continuity of housing and treatment.

## II. A CORRECTIONAL OFFICER SEXUALLY ASSAULTS MS. TAYLOR AT FCI DUBLIN

After she was remanded into custody on the date of the sentence hearing, Ms. Taylor was designated to FCI Dublin, where she was sexually assaulted. Ex. 1. At Dublin, a correctional officer preyed on Ms. Taylor through "verbal aggression and

DEFENSE DISPOSITION MEMORANDUM
(*United States v. Taylor*, CR21-193-RSM) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

physical intimidation" and "[h]is abuse of her culminated in a sexual assault on January 28, 2024." *Id*. This correctional officer has not been indicted. *Id*.

### III.   MS. TAYLOR'S REENTRY INTO THE COMMUNITY

Ms. Taylor has been living with the consequences of being sexually assaulted in the custody of the BOP. Ex. 2. She has been searching for employment and has upcoming interviews, even though her psychotherapist's professional opinion is that she is unable to work because of the psychological impact of the trauma. *Id*. Ms. Taylor's "reported history, and reported and visible symptoms are highly consistent with accounts from survivors of trauma." *Id*. Ms. Taylor "has been consistent with her account of her symptoms." *Id*. "The psychological impact of both her incarceration from March 2023 to April 2024 and sexual assault while incarcerated has been severe enough to seek treatment and care from clinicians." *Id*. Taylor "fully meets the diagnostic criteria for Post Traumatic Stress Disorder…as well as Complex Traumatic Stress disorder." *Id*.

This is not to excuse Ms. Taylor's violations on supervised release. She is fully capable of following all the rules of this Court that are intended to benefit her. But the lack of continuity from pretrial supervision to supervised release, interrupted by sexual assault by a correctional officer during the prison sentence, has neither benefited Ms. Taylor nor society.

Still, Ms. Taylor has used her position to ensure the rent from December 2024 has been paid.[1] She looks forward to attempting to fulfill all other restitution obligations as soon as possible. Ms. Taylor has expressed disappointment in herself and hopes for a continued opportunity to show she can successfully complete supervised release. She is maintaining her treatment through participation in individual therapy, group therapy,

---

[1] At Ms. Taylor's direction, her civil lawyer coordinated full payment to the landlord through a third-party company. Tracking information and a picture from FedEx show that a check was delivered to the landlord on March 7, 2025, at 11:33 a.m.

DEFENSE DISPOSITION MEMORANDUM
(*United States v. Taylor*, CR21-193-RSM) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

and medication. Importantly, Ms. Taylor is dedicated to having a better relationship with her Probation Officer.

**IV.    CONCLUSION**

For the above stated reasons, Ms. Taylor requests the Court follow the sentence recommendation of the parties.

DATED this 11th day of March 2025.

                        Respectfully submitted,

                        s/ *Gregory Geist*
                        Assistant Federal Public Defender
                        Attorney for Sabrina Taylor

DEFENSE DISPOSITION MEMORANDUM
(*United States v. Taylor*, CR21-193-RSM) - 4

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100